IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| NEVLES TRAYLOR, | ) |
| Plaintiff | ) |
| v. | ) 02C 4766 |
| OFFICER RAYMOND PIWNICKI, Star # 7858, OFFICER ROBERT SMITH, Star # 19314, in their individual capacities; and the CITY OF CHICAGO, | ) No. <br> ) JURY TRIAL DEMANDED |
| Defendants. | ) MAGISTRATE JUDGE GERALDINE SOAT BROWN |



DOCKETED JUL 0 8 2002

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

INTRODUCTION

1. This is a civil rights action for damages brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1988, and Illinois common law for the torts of false arrest and battery.

2. Plaintiff complains that the Defendant Chicago Police Officers Piwnicki and Smith ("Individual Defendants") struck Plaintiff with their police car and beat Plaintiff without any legal justification. Additionally, the Individual Defendants fabricated evidence against Plaintiff and falsely arrested him to cover up and justify their misconduct.

JURISDICTION AND VENUE

3.  The jurisdiction of the Court is conferred by 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction is conferred by 28 U.S.C. § 1367.

4.  Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391.

PARTIES

5.  Plaintiff Nevles Traylor is a forty-three year-old African-American man, a resident of the City of Chicago, and a United States citizen.

6.  Defendant Raymond Piwnicki, Star # 7858, was on July 9, 2001, an officer in the Chicago Police Department assigned to the Special Operations Section. During the Plaintiff's arrest, Defendant Piwnicki was acting under color of state law as a police officer of the City of Chicago and within the scope of his employment.

7.  Defendant Robert Smith, Star # 19314, was on July 9, 2001, an officer in the Chicago Police Department assigned to the Special Operations Section. During the Plaintiff's arrest, Defendant Smith was acting under color of state law as a police officer of the City of Chicago and within the scope of his employment.

8.  Defendant City of Chicago is an Illinois municipal corporation, and was, at the time of Plaintiff's arrest, the employer and principal of the Individual Defendants.

FACTS

9.  At approximately 1:00 p.m. on July 9, 2001, Plaintiff Nevles Traylor was riding his bicycle.

10. As Plaintiff rode along a sidewalk adjacent to an apartment building located at 3616 South State Street in Chicago, the Individual Defendants, without probable cause or other legal

2

justification, struck Plaintiff with their marked blue and white Chicago police car, pinning Plaintiff between the car and a metal fence.

11. While Plaintiff writhed in pain, pinned between Defendants' police car and the fence, Defendant Piwnicki, without any provocation, jumped out of the car, approached Plaintiff, and beat Plaintiff about his head.

12. Defendant Smith stood by impassively, while his partner Piwnicki beat Plaintiff on the fence.

13. Plaintiff remained entangled in the fence until an African-American male police officer arrived and extricated Plaintiff with wire cutters.

14. As Plaintiff lay prone on the ground, Defendant Smith searched Plaintiff's body and pockets, and removed Plaintiff's wallet from his pocket. Smith retained Plaintiff's identification. Defendant Piwnicki forced handcuffs around Plaintiff's wrists.

15. Paramedics who had arrived on the scene slid Plaintiff, in handcuffs, on a flat board for transport.

16. At the instruction of the Individual Defendants, Plaintiff was fingerprinted, photographed, and thoroughly searched by Chicago police officers. Defendant Piwnicki ordered the lock-up keeper to hold Plaintiff "as long as possible" in a police jail cell.

17. Plaintiff was held in locked jail cells in Chicago police stations from the evening of July 9 through the morning of July 11, 2001.

18. Defendants Piwnicki and Smith filed false police reports, fabricated evidence, and falsely charged Plaintiff with the Illinois felony of possession of a controlled substance.

19. The Individual Defendants' false reports, fabricated evidence, and suppression of exculpatory evidence induced the Cook County State's Attorney to file against Plaintiff felony

3

criminal charges of possession of a controlled substance with intent to deliver, in violation of 720 I.L.C.S. 570/401(d) and 407(b).

20. Due to Plaintiff's indigence, he was unable to make bond until November 19, 2001. As a result, he remained in the custody of the Cook County Department of Corrections from July 11, 2001 until November 19, 2001.

21. Plaintiff posted $750 and was released on bond on November 19, 2001. The bond imposed restrictions on Plaintiff's liberty and freedom, including his right to travel during the pendency of the false criminal charges, which remain in force through the filing of this Complaint.

22. At all times preceding the Individual Defendants' striking and seizing Plaintiff on July 9, 2001, Plaintiff behaved peacefully and lawfully and provided no probable or reasonable cause or suspicion, or any other legal justification, for his seizure and arrest.

23. The aforementioned actions and omissions of Defendants Piwnicki and Smith described in paragraphs 10-12, 14, and 16-19 above were undertaken knowingly and intentionally, wantonly and with reckless or callous disregard of, or indifference to, the rights of Plaintiff.

24. By their actions and omissions, the Individual Defendants violated Plaintiff's constitutional rights and committed tortious offenses.

25. As a direct and proximate result of the conduct of the Individual Defendants described above, Plaintiff Nevles Traylor was deprived of his rights as stated below, and suffered mental, emotional, and physical damages, including but not limited to the following: he experienced and continues to experience mental distress and anguish; he suffered numerous bruises, abrasions, muscle soreness, and a temporary inability to move or walk without pain; he experienced numbness in his right hand; he experienced throbbing pain and headaches; he experienced temporary soreness and bruising around his ribs and pain in breathing; he continues to experience the loss of liberty for

charges he did not commit; he lost earnings and the ability to work; he lost his bicycle, a primary means of personal transport; and he further suffered humiliation, embarrassment, discomfort, fear, anxiety, and loss of enjoyment of life.

## CLAIM I: FOURTH AND FOURTEENTH AMENDMENTS
(Excessive Force—against Defendants Piwnicki and Smith)

26. Plaintiff re-alleges and incorporates herein paragraphs 1 through 25 above.

27. Plaintiff asserts Claim I, arising under 42 U.S.C. § 1983 against Defendants Piwnicki and Smith, in their individual capacities.

28. Defendants Piwnicki and Smith's actions and inaction in the face of a Constitutional duty to intercede, in striking Plaintiff with their police car, beating Plaintiff, and otherwise using unreasonable and unjustifiable force against Plaintiff, without probable cause or legal justification, violated Plaintiff's Fourth and Fourteenth Amendment rights to be secure in his person, papers and effects against unreasonable searches and seizures.

29. Defendants Piwnicki and Smith's actions and omissions were the direct and proximate cause of Plaintiff's Constitutional rights violations, his physical injuries, mental suffering, anguish and humiliation, and loss of personal freedom, as set forth more fully above.

30. Defendants Piwnicki and Smith's actions and omissions were malicious, intentional, willful, wanton, and shocking to the conscience. Defendants Piwnicki and Smith exhibited a conscious disregard or reckless indifference to Plaintiff's rights and personal safety. The award of punitive damages is necessary to punish Defendants Piwnicki and Smith for their misconduct and to deter similar misconduct in the future.

WHEREFORE, Plaintiff, prays that the Court:

(A) Award Plaintiff judgment against each of the Individual Defendants, jointly and severally, for actual compensatory damages in an amount to be determined at trial;

(B) Award Plaintiff judgment against each of the Individual Defendants, jointly and severally, for appropriate punitive damages in an amount to be determined at trial;

(C) Award costs, expenses, and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;

(D) Grant such other and further relief as this Court deems equitable and just.

## CLAIM II: FOURTH AND FOURTEENTH AMENDMENTS
(False Arrest—against Defendants Piwnicki and Smith)

31. Plaintiff realleges and incorporates herein paragraphs 1-30 above.

32. Plaintiff asserts Claim II of this action against Defendants Piwnicki and Smith, in their individual capacities.

33. Defendants Piwnicki and Smith's false arrest and detention of Plaintiff and unreasonable search and seizure of Plaintiff's person and personal possessions, without a warrant, probable cause or reasonable suspicion, deprived Plaintiff of his Fourth and Fourteenth Amendment rights to be secure in his person, papers and effects against unreasonable searches and seizures.

34. Defendants Piwnicki and Smith's actions and inaction in the face of a Constitutional duty to intercede were the direct and proximate cause of Plaintiff's Constitutional rights violations, physical injuries, mental suffering, anguish and humiliation, and loss of personal freedom, as set forth more fully above.

35. Defendants Piwnicki and Smith's actions and omissions were malicious, intentional, willful, and exhibited a conscious disregard or reckless indifference to Plaintiff's rights. The award

of punitive damages against Defendants Piwnicki and Smith is necessary to punish them for their misconduct, and to deter similar misconduct.

WHEREFORE, Plaintiff, prays that the Court:

(A) Award Plaintiff judgment against each of the Individual Defendants, jointly and severally, for actual compensatory damages in an amount to be determined at trial;

(B) Award Plaintiff judgment against each of the Individual Defendants, jointly and severally, for appropriate punitive damages in an amount to be determined at trial;

(C) Award costs, expenses, and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;

(D) Grant such other and further relief as this Court deems equitable and just.

### CLAIM III: FOURTEENTH AMENDMENT
(Denial of Liberty Without Due Process- against Defendants Piwnicki and Smith)

36. Plaintiff realleges and incorporates herein paragraphs 1-35 above.

37. Plaintiff asserts Claim III of this action against Defendants Piwnicki and Smith, in their individual capacities.

38. The Individual Defendants' actions in falsifying police reports, fabricating inculpatory evidence, providing such inculpatory evidence to the local prosecutor, secreting exculpatory evidence, and initiating a false criminal complaint against the Plaintiff caused Plaintiff to be deprived of his liberty without due process of law.

39. As a result of the Individual Defendants' actions and inaction, Plaintiff suffered a loss of his liberty, as more fully set forth above, in violation of Plaintiff's Fourteenth Amendment due process rights.

40. The aforementioned actions and inaction in the face of a Constitutional duty to intercede by the Individual Defendants were the direct and proximate cause of Plaintiff's

Constitutional rights violations and injuries, loss of personal freedom, mental suffering, anguish, embarrassment, and humiliation, as set forth more fully above.

41. Defendants Piwnicki and Smith's actions and omissions were intentional, malicious, willful, and exhibited a conscious disregard or reckless indifference to Plaintiff's rights. The award of punitive damages against Piwnicki and Smith is necessary to punish them for their misconduct and to deter similar misconduct.

WHEREFORE, Plaintiff prays that the Court:

(A) Award Plaintiff judgment against each of the Individual Defendants, jointly and severally, for actual compensatory damages in an amount to be determined at trial;

(B) Award Plaintiff judgment against each of the Individual Defendants, jointly and severally, for appropriate punitive damages in an amount to be determined at trial;

(C) Award costs, expenses, and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;

(D) Grant such other and further relief as this Court deems equitable and just.

CLAIM IV: ILLINOIS FALSE ARREST AND IMPRISONMENT
(Against Defendants Piwnicki, Smith and the City of Chicago)

42. Plaintiff realleges and incorporates herein paragraphs 1-41 above.

43. Claim IV of this Complaint is an Illinois common law action for false arrest and imprisonment asserted against Defendants Piwnicki and Smith and their employer, the City of Chicago. This Court has jurisdiction of this claim under 28 U.S.C. § 1367.

44. The actions and omissions by the Individual Defendants described above were undertaken within the scope of their employment as police officers of the City of Chicago.

45. The Individual Defendants' seizure and arrest of the Plaintiff without a warrant and without probable cause were intentional, willful, wanton, and unreasonable; they denied Plaintiff his

personal liberty against Plaintiff's will; and they constitute the tort of false arrest and imprisonment under Illinois law. Further, these actions directly and proximately caused Plaintiff's injuries as set forth more fully above.

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor against the Individual Defendants and the City of Chicago, jointly and severally for actual compensatory damages in an amount to be determined at trial; award Plaintiff judgment against each of the Individual Defendants (excluding the City of Chicago), jointly and severally, for punitive damages in an amount to be determined at trial; award all reasonable attorneys' fees and costs; and grant any additional relief this Court deems just and equitable.

### CLAIM V: ILLINOIS BATTERY
(Against Defendants Piwnicki, Smith, and the City of Chicago)

46. Plaintiff re-alleges and incorporates herein paragraphs 1 through 45 above.

47. Plaintiff asserts Claim V of this complaint, arising under Illinois common law, against Defendants Piwnicki and Smith and their employer, the City of Chicago.

48. The actions committed by Defendants Piwnicki and Smith were undertaken within the scope of their employment as police officers of the City of Chicago.

49. Defendant Piwnicki and Smith's actions and omissions, as set forth above, were intentional, willful, wanton, malicious, and without probable cause, provocation, or legal justification, and/or with such reckless disregard for their natural consequences as to constitute the tort of battery under Illinois law.

50. Defendants Piwnicki and Smith subjected Plaintiff to contact of an insulting and provoking nature and caused Plaintiff bodily harm, directly and proximately causing Plaintiff's injuries, as set forth above.

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor against the Individual Defendants and the City of Chicago, jointly and severally for actual compensatory damages in an amount to be determined at trial; award Plaintiff judgment against each of the Individual Defendants (excluding the City of Chicago), jointly and severally, for punitive damages in an amount to be determined at trial; award all reasonable attorneys' fees and costs; and grant any additional relief this Court deems just and equitable.

### CLAIM VI: ILLINOIS LOCAL GOVERNMENT TORT IMMUNITY ACT
(745 ILCS 10\9-102B—Against Defendant City of Chicago)

51. Plaintiff realleges and incorporates herein paragraphs 1-50 above.

52. Claim VI of this Complaint is an Illinois statutory claim against Defendant City of Chicago. This Court has jurisdiction of this claim under 28 U.S.C. § 1367.

53. Defendant City of Chicago is the employer of each of the Individual Defendants.

54. Each of the Individual Defendants committed the acts and omissions alleged above under color of state law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, should any of the Individual Defendants be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10\9-102, the Defendant City of Chicago be found liable for any judgment Plaintiff obtains thereon against said defendants, as well as for all attorneys' fees and costs awarded.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL CLAIMS.

Respectfully submitted,

*[signature]*

One of Plaintiff's Attorneys

Date: July 3, 2002

Craig B. Futterman
Herschella G. Conyers
EDWIN F. MANDEL LEGAL AID CLINIC
6020 S. University
Chicago, Illinois 60637
(773) 702-9611

Cat 2

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet

02C 4766

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

---

**Plaintiff(s):** NEVLES TRAYLOR

County of Residence: Cook

Plaintiff's Atty: Craig B. Futterman
Edwin F. Mandel Legal Aid Clinic
6020 S. University Ave., Chicago, IL 60637
(773) 702-9611

**Defendant(s):** RAYMOND PIWNICKI, Star # 7858; ROBERT SMITH, Star # 19314, in their individual capacities; and the CITY OF CHICAGO

County of Residence: Cook

Defendant's Atty:

JUDGE CONLON

MAGISTRATE JUDGE GERALDINE SOAT BROWN

DOCKETED
JUL 0 8 2002

---

**II. Basis of Jurisdiction:**     3. Federal Question (U.S. not a party)

**III. Citizenship of Principal Parties**
(Diversity Cases Only)
     Plaintiff:- N/A
     Defendant:- N/A

**IV. Origin:**     1. Original Proceeding

**V. Nature of Suit:**     440 Other Civil Rights

**VI. Cause of Action:**     42 U.S.C. 1983 and 1988. Excessive force, false arrest, and unlawful search and seizure violations by police.

**VII. Requested in Complaint**
     Class Action: No
     Dollar Demand:
     Jury Demand: Yes

**VIII.** This case **IS NOT** a refiling of a previously dismissed case.

Signature: _____

Date: July 3, 2002

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.**    Revised: 06/28/00

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
## Eastern Division

**DOCKETED**
JUL 0 8 2002

In the Matter of

Nevles Traylor
Plaintiff

vs.

Raymond Piwnicki, et al.
Defendants

Case Number: 02C 4766

JUDGE CONLON

MAGISTRATE JUDGE GERALDINE SOAT BROWN

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Nevles Traylor

| (A) | (B) |
|---|---|
| SIGNATURE: [signed] | SIGNATURE: Herschella G. Conyers [signed] |
| NAME: Craig B. Futterman | NAME: Herschella G. Conyers |
| FIRM: Edwin F. Mandel Legal Aid Clinic | FIRM: Edwin F. Mandel Legal Aid Clinic |
| STREET ADDRESS: 6020 South University Avenue | STREET ADDRESS: 6020 South University Avenue |
| CITY/STATE/ZIP: Chicago, IL 60637 | CITY/STATE/ZIP: Chicago, IL 60637 |
| TELEPHONE NUMBER: (773) 702-9611 | TELEPHONE NUMBER: (773) 702-9611 |
| IDENTIFICATION NUMBER: 6206936 | IDENTIFICATION NUMBER: 6187196 |
| MEMBER OF TRIAL BAR? YES ✓ NO | MEMBER OF TRIAL BAR? YES NO ✓ |
| TRIAL ATTORNEY? YES ✓ NO | TRIAL ATTORNEY? YES ✓ NO |
| | DESIGNATED AS LOCAL COUNSEL? YES NO ✓ |

| (C) | (D) |
|---|---|
| SIGNATURE: | SIGNATURE: |
| NAME: | NAME: |
| FIRM: | FIRM: |
| STREET ADDRESS: | STREET ADDRESS: |
| CITY/STATE/ZIP: | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER: | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES NO | MEMBER OF TRIAL BAR? YES NO |
| TRIAL ATTORNEY? YES NO | TRIAL ATTORNEY? YES NO |
| DESIGNATED AS LOCAL COUNSEL? YES NO | DESIGNATED AS LOCAL COUNSEL? YES NO |