IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEVLES TRAYLOR, ) | |
| ) | |
| Plaintiff, ) | 02 C 4766 |
| ) | |
| v. ) | JUDGE CONLON |
| ) | |
| OFFICER RAYMOND PIWNICKI, Star No. 7858, ) | |
| OFFICER ROBERT SMITH, Star No. 19314, ) | |
| in their individual capacities; and the CITY OF ) | |
| CHICAGO, ) | |
| ) | |
| Defendants. ) | |

**DOCKETED AUG 2 2 2002**

**FILED AUG 2 0 2002**

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

To: Craig B. Futterman
Herschella G. Conyers
EDWIN F. MANDEL LEGAL AID CLINIC
6020 South University
Chicago, Illinois 60637

**PLEASE TAKE NOTICE** that on August 20, 2002, the City of Chicago will file its answer, defenses and jury demand to plaintiff's complaint, with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division. A copy of that document is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be mailed to the person named above at the address shown this 20th day of August, 2002.

Respectfully submitted,

MARA S. GEORGES,
CORPORATION COUNSEL
CITY OF CHICAGO

By: _____
ALEC M. McAUSLAND
Assistant Corporation Counsel

30 N. LaSalle St., Suite 900
Chicago, Illinois 60602
(312) 744-2836
Attorney No. 06202724

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| NEVLES TRAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | 02 C 4766 |
| | ) | |
| v. | ) | JUDGE CONLON |
| | ) | |
| OFFICER RAYMOND PIWNICKI, Star No. 7858, | ) | |
| OFFICER ROBERT SMITH, Star No. 19314, | ) | |
| in their individual capacities; and the CITY OF | ) | |
| CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT

Defendant, City of Chicago, ("City") by Mara S. Georges, Corporation Counsel for the City of Chicago for its answer, defenses and jury demand to plaintiff's complaint, states as follows:

### Introduction

1. This is a civil rights action for damages brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1988, and Illinois common law for the torts of false arrest and battery.

**ANSWER:** The City admits paragraph 1 accurately describes the nature of plaintiff's claims.

2. Plaintiff complains that the Defendant Chicago Police Officers Piwnicki and Smith ("Individual Defendants") struck Plaintiff with their police car and beat Plaintiff without any legal justification. Additionally, the Individual Defendants fabricated evidence against Plaintiff and falsely arrested him to cover up and justify their misconduct.

**ANSWER:** The City admits paragraph 2 accurately describes plaintiff's claims.

### Jurisdiction and Venue

3. The jurisdiction of the Court is conferred by 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction is conferred by 28 U.S.C. § 1391.

**ANSWER:** The City admits this court has jurisdiction as alleged.

4. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391.

**ANSWER:** The City admits venue is proper in this court.

## Parties

5. Plaintiff Nevles Traylor is a forty-three-year-old African-American man, a resident of the City of Chicago, and a United States citizen.

**ANSWER:** The City admits plaintiff stated he was 42 at the time of his arrest, and that at the time of the arrest complained of herein, plaintiff stated he was a resident of Chicago. The City is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 5.

6. Defendant Raymond Piwnicki, Star No. 7858, was on July 9, 2001, an officer in the Chicago Police Department assigned to the Special Operations Section. During the Plaintiff's arrest, Defendant Piwnicki was acting under color of state law as a police officer of the City of Chicago and within the scope of his employment.

**ANSWER:** Admitted.

7. Defendant Robert Smith, Star No. 19314, was on July 9, 2001, an officer in the Chicago Police Department assigned to the Special Operations Section. During the Plaintiff's arrest, Defendant Smith was acting under color of state law as a police officer of the City of Chicago and within the scope of his employment.

**ANSWER:** Admitted.

8. Defendant City of Chicago is an Illinois municipal corporation, and was, at the time of Plaintiff's arrest, the employer and principal of the Individual Defendants.

**ANSWER:** Admitted.

2

## Facts

9. At approximately 1:00 p.m. on July 9, 2001, Plaintiff Nevles Traylor was riding his bicycle.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to what plaintiff was doing at 1:00 p.m. on July 9, 2001. The City admits that the Individual Defendants reported that plaintiff "began to flee on a bicycle" at approximately 2:00 p.m. on July 9, 2001. The City is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 9.

10. As Plaintiff rode along a sidewalk adjacent to an apartment building located at 3616 South State Street in Chicago, the Individual Defendants, without probable cause or other legal justification, struck Plaintiff with their marked blue and white Chicago police car, pinning Plaintiff between the car and a metal fence.

**ANSWER:** The Individual Defendants reported that plaintiff "was placed into custody at [3618 South State Street] as [plaintiff's] bicycle ran into a snow fence as he was attempting to elude police." The City is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10.

11. While Plaintiff writhed in pain, pinned between Defendants' police car and the fence, Defendant Piwnicki, without any provocation, jumped out of the car, approached Plaintiff, and beat Plaintiff about his head.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 11.

12. Defendant Smith stood by impassively, while his partner Piwnicki beat Plaintiff on the fence.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the

3

truth or falsity of the allegations of paragraph 12.

13. Plaintiff remained entangled in the fence until an African-American male police officer arrived and extricated Plaintiff with wire cutters.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations of paragraph 13.

14. As Plaintiff lay prone on the ground, Defendant Smith searched Plaintiff's body and pockets, and removed Plaintiff's wallet from his pocket. Smith retained Plaintiff's identification. Defendant Piwnicki forced handcuffs around Plaintiff's wrists.

**ANSWER:** The City admits the pursuant to procedure, an arrestee such as plaintiff is searched

and handcuffed. The City is without knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations of paragraph 14.

15. Paramedics who had arrived on the scene slid Plaintiff, in handcuffs on a flat board for transport.

**ANSWER:** The City admits plaintiff was immobilized by paramedics for transport. The City is

without knowledge or information as to the truth or falsity of the remaining

allegations of paragraph 14.

16. At the instruction of the Individual Defendants, Plaintiff was fingerprinted, photographed, and thoroughly searched by Chicago police officers. Defendant Piwnicki ordered the lock-up keeper to hold Plaintiff "as long as possible" in a police jail cell.

**ANSWER:** The City admits that plaintiff was searched, photographed and fingerprinted at the

police station. The City is without knowledge or information sufficient to form a

belief as to the truth or falsity of the remaining allegations of paragraph 16.

17. Plaintiff was held in locked jail cells in Chicago police stations from the evening of July 9 through the morning of July 11, 2001.

**ANSWER:** The City admits plaintiff was detained at a police facility starting the afternoon of July 9, 2001. The City is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 17.

18. Defendants Piwnicki and Smith filed false police reports, fabricated evidence, and falsely charged Plaintiff with the Illinois felony of possession of a controlled substance.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 18.

19. The Individual Defendants' false reports, fabricated evidence, and suppression of exculpatory evidence induced the Cook County State's Attorney to file against Plaintiff felony criminal charges of possession of a controlled substance with intent to deliver, in violation of 720 ILCS. 570/401(d) and 407(b).

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 19.

20. Due to Plaintiff's indigence, he was unable to make bond until November 19, 2001. As a result, he remained in the custody of the Cook County Department of Corrections from July 11, 2001 until November 19, 2001.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 20.

21. Plaintiff posted $750 and was released on bond on November 19, 2001. The bond imposed restrictions on Plaintiff's liberty and freedom, including his right to travel during the pendency of the false criminal charges, which remain in force through the filing of this Complaint.

**ANSWER:** The City admits plaintiff's bond imposed restrictions on plaintiff's movement and

5

actions. The City is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 21.

22. At all times preceding the Individual Defendants' striking and seizing Plaintiff on July 9, 2001, Plaintiff behaved peacefully and lawfully and provided no probable or reasonable cause or suspicion, or any other legal justification, for his seizure and arrest.

**ANSWER:** The Individual Defendants reported they "observed [plaintiff] conducting what they believe was a suspect narcotic transaction [and] attempted to approach [plaintiff when he] began to flee on a bicycle," and further that when stopped, plaintiff was in possession of "a tin foil packet [containing] a while powder substance (suspect heroin)," thus giving them probable cause to arrest plaintiff. The City is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 22.

23. The aforementioned actions and omissions of Defendants Piwnicki and Smith described in paragraphs 10-12, 14, and 16-19 above were undertaken knowingly and intentionally, wantonly and with reckless or callous disregard of, or indifference to, the rights of Plaintiff.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 23.

24. By their actions and omissions, the Individual Defendants violated Plaintiff's constitutional rights and committed tortious offenses.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 24.

25. As a direct and proximate result of the conduct of the Individual Defendants described above, Plaintiff Nevles Traylor was deprived of his rights as stated below, and suffered mental,

emotional, and physical damages, including but not limited to the following: he experienced and continues to experience mental distress and anguish; he suffered numerous bruises, abrasions, muscle soreness, and a temporary inability to move or walk without pain; he experienced numbness in his right hand; he experienced throbbing pain and headaches; he experienced temporary soreness and bruising around his ribs and pain in breathing; he continues to experience the loss of liberty for charges he did not commit; he lost earnings and the ability to work; he lost his bicycle, a primary means of personal transport; and he further suffered humiliation, embarrassment, discomfort, fear, anxiety, and loss of enjoyment of life.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 25.

### CLAIM I: FOURTH AND FOURTEENTH AMENDMENTS
(Excessive Force – Against Defendants Piwnicki and Smith)

The City answers the allegations of Claim I only insofar as they are realleged in Claims IV, V and VI.

26. Plaintiff re-alleges and incorporates herein paragraphs 1 through 25 above.

**ANSWER:** The City realleges its answers to paragraphs 1-25 as its answer to paragraph 26.

27. Plaintiff asserts Claim I, arising under 42 U.S.C. § 1983 against Defendants Piwnicki and Smith, in their individual capacities.

**ANSWER:** The City admits paragraph 27 accurately describes Claim I.

28. Defendants Piwnicki and Smith's actions and inaction in the face of a Constitutional duty to intercede, in striking Plaintiff with their police car, beating Plaintiff, and otherwise using unreasonable and unjustifiable force against Plaintiff, without probable cause or legal justification, violated Plaintiff's Fourth and Fourteenth Amendment rights to be secure in his person, papers and effects against unreasonable searches and seizures.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 28.

29. Defendants Piwnicki and Smith's actions and omissions were the direct and proximate cause of Plaintiff's Constitutional rights violations, his physical injuries, mental suffering, anguish and humiliation, and loss of personal freedom, as set forth more fully above.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 29.

30. Defendants Piwnicki and Smith's actions and omissions were malicious, intentional, willful, wanton, and shocking to the conscience. Defendants Piwnicki and Smith exhibited a conscious disregard or reckless indifference to Plaintiff's rights and personal safety. The award of punitive damages is necessary to punish Defendants Piwnicki and Smith for their misconduct and to deter similar misconduct in the future.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 30.

### CLAIM II: FOURTH AND FOURTEENTH AMENDMENTS
**(False Arrest – Against Defendants Piwnicki and Smith)**

The City answers the allegations of Claim II only insofar as they are realleged in Claims IV, V and VI.

31. Plaintiff re-alleges and incorporated herein paragraphs 1-30 above.

**ANSWER:** The City realleges its answers to paragraphs 1-30 as its answer to paragraph 31.

32. Plaintiff asserts Claim II of this action against Defendants Piwnicki and Smith, in their individual capacities.

**ANSWER:** The City admits paragraph 32 accurately describes Claim II.

33. Defendants Piwnicki and Smith's false arrest and detention of Plaintiff and unreasonable search and seizure of Plaintiff's person and personal possessions, without a warrant, probable cause or reasonable suspicion, deprived Plaintiff of his Fourth and Fourteenth Amendment rights to be secure in his person, papers and effects against unreasonable searches and seizures.

8

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations of paragraph 33.

34. Defendants Piwnicki and Smith's actions and inaction in the face of a Constitutional duty to intercede were the direct and proximate cause of Plaintiff's Constitutional rights violations, physical injuries, mental suffering, anguish and humiliation, and loss of personal freedom, as set forth more fully above.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations of paragraph 34.

35. Defendants Piwnicki and Smith's actions and omissions were malicious, intentional, willful, and exhibited a conscious disregard or reckless indifference to Plaintiff's rights. The award of punitive damages against Defendants Piwnicki and Smith is necessary to punish them for their misconduct, and to deter similar misconduct.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations of paragraph 35.

## CLAIM III: FOURTEENTH AMENDMENT
### (Denial of Liberty Without Due Process - Against Defendants Piwnicki and Smith)

The City answers the allegations of Claim III only insofar as they are
realleged in Claims IV, V and VI.

36. Plaintiff re-alleges and incorporates herein paragraphs 1-35 above.

**ANSWER:** The City realleges its answers to paragraphs 1-35 as its answer to paragraph 36.

37. Plaintiff asserts Claim III of this action against Defendants Piwnicki and Smith, in their individual capacities.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations of paragraph 37.

38. The Individual Defendants' actions in falsifying police reports, fabricating inculpatory evidence, providing such inculpatory evidence to the local prosecutor, secreting exculpatory evidence, and initiating a false criminal complaint against the Plaintiff caused Plaintiff to be deprived of his liberty without due process of law.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 38.

39. As a result of the Individual Defendants' actions and inaction, Plaintiff suffered a loss of his liberty, as more fully set forth above, in violation of Plaintiff's Fourteenth Amendment due process rights.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 39.

40. The aforementioned actions and inaction in the face of a Constitutional duty to intercede by the Individual Defendants were the direct and proximate cause of Plaintiff's Constitutional rights violations and injuries, loss of personal freedom, mental suffering, anguish, embarrassment, and humiliation, as set forth more fully above.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 40.

41. Defendants Piwnicki and Smith's actions and omissions were intentional, malicious, willful, and exhibited a conscious disregard or reckless indifference to Plaintiff's rights. The award of punitive damages against Piwnicki and Smith is necessary to punish them for their misconduct and to deter similar misconduct.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 41.

## CLAIM IV: ILLINOIS FALSE ARREST AND IMPRISONMENT
### (Against Defendants Piwnicki, Smith and the City of Chicago)

42. Plaintiff re-alleges and incorporated herein paragraphs 1-41 above.

**ANSWER:** The City realleges its answers to paragraphs 1-41 as its answer to paragraph 42.

43. Claim IV of this Complaint is an Illinois common law action for false arrest and imprisonment asserted against Defendants Piwnicki and Smith and their employer, the City of Chicago, This Court has jurisdiction of this claim under 28 U.S.C. § 1367.

**ANSWER:** The City admits this court has jurisdiction over Claim IV, and admits paragraph IV accurately describes Claim IV.

44. The actions and omissions by the Individual Defendants described above were undertaken within the scope of their employment as police officers of the City of Chicago.

**ANSWER:** Admitted.

45. The Individual Defendants' seizure and arrest of the Plaintiff without a warrant and without probable cause were intentional, willful, wanton, and unreasonable; they denied Plaintiff his personal liberty against Plaintiff's will; and they constitute the tort of false arrest and imprisonment under Illinois law. Further, these actions directly and proximately caused Plaintiff's injuries as set forth more fully above.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 45.

WHEREFORE, the City respectfully prays that this Honorable Court enter judgment in its favor on Claim IV, with fees and costs, and with such other relief as this Honorable Court deems just.

## CLAIM V: ILLINOIS BATTERY
### (Against Defendants Piwnicki, Smith, and the City of Chicago)

46. Plaintiff re-alleges and incorporates herein paragraphs 1 through 45 above.

**ANSWER:** The City realleges its answers to paragraphs 1-45 as its answer to paragraph 46.

47. Plaintiff asserts Claim V of this complaint, arising under Illinois common law, against Defendants Piwnicki and Smith and their employer, the City of Chicago.

**ANSWER:** The City admits paragraph 47 accurately describes Claim V.

48. The actions committed by Defendants Piwnicki and Smith were undertaken within the scope of their employment as police officers of the City of Chicago.

**ANSWER:** Admitted.

49. Defendant Piwnicki and Smith's actions and omissions, as set forth above, were intentional, willful, wanton, malicious, and without probable cause, provocation, or legal justification, and/or with such reckless disregard for their natural consequences as to constitute the tort of battery under Illinois law.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 49.

50. Defendants Piwnicki and Smith subjected Plaintiff to contact of an insulting and provoking nature and caused Plaintiff bodily harm, directly and proximately causing Plaintiff's injuries, as set forth above.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 50.

WHEREFORE, the City respectfully prays that this Honorable Court enter judgment in its favor on Claim V, with fees and costs, and with such other relief as this Honorable Court deems just.

## CLAIM VI: ILLINOIS LOCAL GOVERNMENT TORT IMMUNITY ACT
## (745 ILCS 10/9-102B - Against Defendant City of Chicago)

51. Plaintiff re-alleges and incorporates herein paragraphs 1-50 above.

**ANSWER:** The City realleges its answers to paragraphs 1-50 as its answer to paragraph 51.

52. Claim VI of this Complaint is an Illinois statutory claim against Defendant City of Chicago. This Court has jurisdiction of this claim under 28 U.S.C. § 1367.

**ANSWER:** The City admits this court has jurisdiction over Claim VI, and that paragraph 52 accurately describes Claim VI.

53. Defendant City of Chicago is the employer of each of the Individual Defendants.

**ANSWER:** Admitted.

54. Each of the Individual Defendants committed the acts and omissions alleged above under color of state law and in the scope of their employment as employees of the City of Chicago.

**ANSWER:** Admitted.

WHEREFORE, the City respectfully prays that this Honorable Court enter judgment in its favor on Claim VI, with fees and costs, and with such other relief as this Honorable Court deems just.

## AFFIRMATIVE DEFENSES

1. The City is not liable for any state law claims because its police officers, to the extent they were acting in the execution or enforcement of the law, are immune from liability for their actions unless those actions constitute wilful and wanton conduct. 745 ILCS 1-/2-202.

2. The City is not liable for any state law claims if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109.

3. To the extent plaintiff failed to mitigate any of her claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff

has a duty to mitigate his damages, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this is case.

4. To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of the plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this case.

## JURY DEMAND

The City respectfully demands that this matter be tried by jury.

Respectfully submitted,

MARA S. GEORGES,
CORPORATION COUNSEL
CITY OF CHICAGO

By: _____
ALEC M. McAUSLAND
Assistant Corporation Counsel

30 N. LaSalle Street - Suite 900
Chicago, Illinois 60602
(312) 744-2836
Attorney No. 06202724