IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
SEP 26 2002

NEVLES TRAYLOR,

Plaintiff,

v.

OFFICER RAYMOND PIWNICKI, Star # 7858, OFFICER ROBERT SMITH, Star # 19314, in their individual capacities; and the THE CITY OF CHICAGO,

Defendants.

CASE NO. 02 C 4766

JUDGE CONLON

MAGISTRATE JUDGE BROWN

FILED
2002 SEP 25 PM 1:02
CLERK
U.S. DISTRICT COURT

**NOTICE OF FILING**

**TO:** **Craig B. Futterman**
**Edwin F. Mandel Legal Aid Clinic**
**6020 South University Avenue**
**Chicago, Illinois 60637**

**Alec M. McAusland**
**Assistant Corporation Counsel**
**30 North LaSalle Street**
**Suite 900**
**Chicago, Illinois 60602**

**PLEASE TAKE NOTICE** that I have filed this day with the Clerk of the above Court a **NOTICE OF FILING and DEFENDANTS PIWNICKI AND SMITH'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, 12(b)(6) DEFENSE AND JURY DEMAND,** a copy of which is attached hereto and herewith served upon you.

**DATED** at Chicago, Illinois this 25th day of September, 2002.

Respectfully submitted,

LIZA M. FRANKLIN
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-0170
(312) 744-6566 (FAX)
ATTY. NO. 06216088

9

DOCKETED
SEP 2 6 2002

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NEVLES TRAYLOR,

Plaintiff,

v.

OFFICER RAYMOND PIWNICKI, Star # 7858, OFFICER ROBERT SMITH, Star # 19314, in their individual capacities; and the THE CITY OF CHICAGO,

Defendants.

CASE NO. 02 C 4766

JUDGE CONLON

MAGISTRATE JUDGE BROWN

FILED
2002 SEP 25 PM 1:02
CLERK
U.S. DISTRICT COURT

**DEFENDANTS PIWNICKI AND SMITH'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, 12(b)(6) DEFENSE AND JURY DEMAND**

Defendant Chicago Police Officers Raymond Piwnick and Robert Smith ("Defendant Police Officers"), by one of their attorneys, Liza M. Franklin, Assistant Corporation Counsel, hereby submit their answer, affirmative defenses, Fed. R. Civ. P. 12(b)(6) defense and jury demand to Plaintiff's Complaint as follows[1]:

**ANSWER TO INTRODUCTION**

**1. This is a civil rights action for damages brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1988, and Illinois common law for the torts of false arrest and battery.**

**ANSWER**: Defendant Police Officers admit Plaintiff purports to bring this lawsuit under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§1983 and 1988, and Illinois common law, but deny committing any acts which would result in liability to Plaintiff.

[1] Defendants Piwnicki and Smith answer for themselves alone and make no answer for any other named or unnamed defendants.

9

**2. Plaintiff complains that the Defendant Chicago Police Officers Piwnicki and Smith ("Individual Defendants") struck Plaintiff with their police car and beat Plaintiff without any legal justification. Additionally, the Individual Defendants fabricated evidence against Plaintiff and falsely arrested him to cover up and justify their misconduct.**

__ANSWER__: Defendant Police Officers deny the allegations in paragraph 2.

__ANSWER TO JURISDICTION AND VENUE__

**3. The jurisdiction of the Court is conferred by 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction is conferred by 28 U.S.C. § 1367.**

__ANSWER__: Defendant Police Officers admit this Court has jurisdiction over this case.

**4. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391.**

__ANSWER__: Defendant Police Officers admit venue is proper.

__ANSWER TO PARTIES__

**5. Plaintiff Nevles Traylor is a forty-three year-old African-American man, a resident of the City of Chicago, and a United States citizen.**

__ANSWER__: Defendant Police Officers admit Plaintiff Nevles Traylor is an African-American man. Defendant Police Officers are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5.

**6. Defendant Raymond Piwnicki, Star # 7858, was on July 9, 2001, an officer in the Chicago Police Department assigned to the Special Operations Section. During the Plaintiff's arrest, Defendant Piwnicki was acting under color of state law as a police officer of the City of Chicago and within the scope of his employment.**

__ANSWER__: Defendant Police Officers admit the allegations in paragraph 6.

**7. Defendant Robert Smith, Star # 19314, was on July 9, 2001, an officer in the Chicago Police Department assigned to the Special Operations Section. During the Plaintiff's arrest, Defendant Smith was acting under color of state law as a police officer of the City of Chicago and within the scope of his employment.**

__ANSWER__: Defendant Police Officers admit the allegations in paragraph 7.

**8. Defendant City of Chicago is an Illinois municipal corporation, and was, at**

**the time of Plaintiff's arrest, the employer and principal of the Individual Defendants.**

ANSWER: On information and belief, Defendant Police Officers admit the allegations in paragraph 8.

## ANSWER TO FACTS

**9. At approximately 1:00 p.m. on July 9, 2001, Plaintiff Nevles Traylor was riding his bicycle.**

ANSWER: Defendant Police Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

**10. As Plaintiff rode along a sidewalk adjacent to an apartment building located at 3616 South State Street in Chicago, the Individual Defendants, without probable cause or other legal justification, struck Plaintiff with their marked blue and white Chicago police car, pinning Plaintiff between the car and a metal fence.**

ANSWER: Defendant Police Officers admit they were in a marked blue and white Chicago police car when they came into contact with Plaintiff. Defendant Police Officers deny the remaining allegations in paragraph 10.

**11. While Plaintiff writhed in pain, pinned between Defendants' police car and the fence, Defendant Piwnicki, without any provocation, jumped out of the car, approached Plaintiff, and beat Plaintiff about his head.**

ANSWER: Defendant Police Officers deny the allegations in paragraph 11.

**12. Defendant Smith stood by impassively, while his partner Piwnicki beat Plaintiff on the fence.**

ANSWER: Defendant Police Officers deny the allegations in paragraph 12.

**13. Plaintiff remained entangled in the fence until an African-American male police officer arrived and extricated Plaintiff with wire cutters.**

ANSWER: Defendant Police Officers deny the allegations in paragraph 13.

**14. As Plaintiff lay prone on the ground, Defendant Smith searched Plaintiff's body and pockets, and removed Plaintiff's wallet from his pocket. Smith retained Plaintiff's identification. Defendant Piwnicki forced handcuffs around Plaintiff's wrists.**

**ANSWER**: Defendant Police Officers admit Officer Piwnicki handcuffed Plaintiff. Defendant Police Officers deny the remaining allegations in paragraph 14.

**15. Paramedics who had arrived on the scene slid Plaintiff, in handcuffs, on a flat board for transport.**

**ANSWER**: Defendant Police Officers admit Plaintiff was in handcuffs when paramedics arrived on the scene. Defendant Police Officers are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15.

**16. At the instruction of the Individual Defendants, Plaintiff was fingerprinted, photographed, and thoroughly searched by Chicago police officers. Defendant Piwnicki ordered the lock-up keeper to hold Plaintiff "as long as possible" in a police jail cell.**

**ANSWER**: Defendant Police Officers deny the allegations in paragraph 16.

**17. Plaintiff was held in locked jail cells in Chicago police stations from the evening of July 9 through the morning of July 11, 2001.**

**ANSWER**: Defendant Police Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

**18. Defendants Piwnicki and Smith filed false police reports, fabricated evidence, and falsely charged Plaintiff with the Illinois felony of possession of a controlled substance.**

**ANSWER**: Defendant Police Officers deny the allegations in paragraph 18.

**19. The Individual Defendants' false reports, fabricated evidence, and suppression of exculpatory evidence induced the Cook County State's Attorney to file against Plaintiff felony criminal charges of possession of a controlled substance with intent to deliver, in violation of 720 I.L.C.S. 570/401(d) and 407(b).**

**ANSWER**: Defendant Police Officers deny the allegations in paragraph 19.

**20. Due to Plaintiff's indigence, he was unable to make bond until November 19, 2001. As a result, he remained in the custody of the Cook County Department of Corrections from July 11, 2001 until November 19, 2001.**

**ANSWER**: Defendant Police Officers are without knowledge or information sufficient

to form a belief as to the truth of the allegations in paragraph 20.

**21. Plaintiff posted $750 and was released on bond on November 19, 2001. The bond imposed restrictions on Plaintiff's liberty and freedom, including his right to travel during the pendency of the false criminal charges, which remain in force through the filing of this Complaint.**

<u>ANSWER</u>: Defendant Police Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

**22. At all times preceding the Individual Defendants' striking and seizing Plaintiff on July 9, 2001, Plaintiff behaved peacefully and lawfully and provided no probable or reasonable cause or suspicion, or any other legal justification; for his seizure and arrest.**

<u>ANSWER</u>: Defendant Police Officers deny the allegations in paragraph 22.

**23. The aforementioned actions and omissions of Defendants Piwnicki and Smith described in paragraphs 10-12, 14, and 16-19 above were undertaken knowingly and intentionally, wantonly and with reckless or callous disregard of, or indifference to, the rights of Plaintiff.**

<u>ANSWER</u>: Defendant Police Officers deny the allegations in paragraph 23.

**24. By their actions and omissions, the Individual Defendants violated Plaintiff's constitutional rights and committed tortious offenses.**

<u>ANSWER</u>: Defendant Police Officers deny the allegations in paragraph 24.

**25. As a direct and proximate result of the conduct of the Individual Defendants described above, Plaintiff Nevles Traylor was deprived of his rights as stated below, and suffered mental, emotional, and physical damages, including but not limited to the following: he experienced and continues to experience mental distress and anguish; he suffered numerous bruises, abrasions, muscle soreness, and a temporary inability to move or walk without pain; he experienced numbness in his right hand; he experienced throbbing pain and headaches; he experienced temporary soreness and bruising around his ribs and pain in breathing; he continues to experience the loss of liberty for charges he did not commit; he lost earnings and the ability to work; he lost his bicycle, a primary means of personal transport; and he further suffered humiliation, embarrassment, discomfort, fear, anxiety, and loss of enjoyment of life.**

<u>ANSWER</u>: Defendant Police Officers deny the allegations in paragraph 25.

## ANSWER TO CLAIM I: FOURTH AND FOURTEENTH AMENDMENTS

**(Excessive Force-against Defendants Piwnicki and Smith)**

**26. Plaintiff re-alleges and incorporates herein paragraphs 1 through 25 above.**

**ANSWER**: Defendant Police Officers reassert their answers to paragraphs 1 through 25 as their answers to paragraph 26 as if fully set forth herein.

**27. Plaintiff asserts Claim I, arising under 42 U.S.C. § 1983 against Defendants Piwnicki and Smith, in their individual capacities.**

**ANSWER**: Defendant Police Officers admit Plaintiff asserts Claim I against them in their individual capacities, but deny committing any acts which would give rise to liability to Plaintiff.

**28. Defendants Piwnicki and Smith's actions and inaction in the face of a Constitutional duty to intercede, in striking Plaintiff with their police car, beating Plaintiff, and otherwise using unreasonable and unjustifiable force against Plaintiff, without probable cause or legal justification, violated Plaintiff's Fourth and Fourteenth Amendment rights to be secure in his person, papers and effects against unreasonable searches and seizures.**

**ANSWER**: Defendant Police Officers deny the allegations in paragraph 28.

**29. Defendants Piwnicki and Smith's actions and omissions were the direct and proximate cause of Plaintiff's Constitutional rights violations, his physical injuries, mental suffering, anguish and humiliation, and loss of personal freedom, as set forth more fully above.**

**ANSWER**: Defendant Police Officers deny the allegations in paragraph 29.

**30. Defendants Piwnicki and Smith's actions and omissions were malicious, intentional, willful, wanton, and shocking to the conscience. Defendants Piwnicki and Smith exhibited a conscious disregard or reckless indifference to Plaintiff's rights and personal safety. The award of punitive damages is necessary to punish Defendants Piwnicki and Smith for their misconduct and to deter similar misconduct in the future.**

**ANSWER**: Defendant Police Officers deny the allegations in paragraph 30.

**ANSWER TO CLAIM II: FOURTH AND FOURTEENTH AMENDMENTS**
**(False Arrest-against Defendants Piwnicki and Smith)**

**31. Plaintiff realleges and incorporates herein paragraphs 1-30 above.**

ANSWER: Defendant Police Officers resubmit their answers to paragraphs 1 through 30 as their answer to paragraph 31 as if fully set forth herein.

**32. Plaintiff asserts Claim II of this action against Defendants Piwnicki and Smith, in their individual capacities.**

ANSWER: Defendant Police Officers deny the allegations in paragraph 28.

**33. Defendants Piwnicki and Smith's false arrest and detention of Plaintiff and unreasonable search and seizure of Plaintiff's person and personal possessions, without a warrant, probable cause or reasonable suspicion, deprived Plaintiff of his Fourth and Fourteenth Amendment rights to be secure in his person, papers and effects against unreasonable searches and seizures.**

ANSWER: Defendant Police Officers deny the allegations in paragraph 33.

**34. Defendants Piwnicki and Smith's actions and inaction in the face of a Constitutional duty to intercede were the direct and proximate cause of Plaintiff's Constitutional rights violations, physical injuries, mental suffering, anguish and humiliation, and loss of personal freedom, as set forth more fully above.**

ANSWER: Defendant Police Officers deny the allegations in paragraph 34.

**35. Defendants Piwnicki and Smith's actions and omissions were malicious, intentional, willful, and exhibited a conscious disregard or reckless indifference to Plaintiff's rights. The award of punitive damages against Defendants Piwnicki and Smith is necessary to punish them for their misconduct, and to deter similar misconduct.**

ANSWER: Defendant Police Officers deny the allegations in paragraph 35.

**ANSWER TO CLAIM III: FOURTEENTH AMENDMENT**
**(Denial of Liberty Without Due Process- against Defendants Piwnicki and Smith)**

Plaintiff has voluntarily dismissed this claim. However, he incorporates these paragraphs in subsequent claims. Therefore, Defendant Police Officers answer these paragraphs.

**36. Plaintiff realleges and incorporates herein paragraphs 1-35 above.**

ANSWER: Defendant Police Officers resubmit their answers to paragraphs 1 through 35 as their answer to paragraph 36 as if fully set forth herein.

**37. Plaintiff asserts Claim III of this action against Defendants Piwnicki and Smith, in their individual capacities.**

ANSWER: Defendant Police Officers admit Plaintiff purports to bring this claim against them in their individual capacities, but deny committing any acts which would give rise to liability to Plaintiff.

**38. The Individual Defendants' actions in falsifying police reports, fabricating inculpatory evidence, providing such inculpatory evidence to the local prosecutor, secreting exculpatory evidence, and initiating a false criminal complaint against the Plaintiff caused Plaintiff to be deprived of his liberty without due process of law.**

ANSWER: Defendant Police Officers deny the allegations in paragraph 38.

**39. As a result of the Individual Defendants' actions and inaction, Plaintiff suffered a loss of his liberty, as more fully set forth above, in violation of Plaintiff's Fourteenth Amendment due process rights.**

ANSWER: Defendant Police Officers deny the allegations in paragraph 39.

**40. The aforementioned actions and inaction in the face of a Constitutional duty to intercede by the Individual Defendants were the direct and proximate cause of Plaintiff's Constitutional rights violations and injuries, loss of personal freedom, mental suffering, anguish, embarrassment, and humiliation, as set forth more fully above.**

ANSWER: Defendant Police Officers deny the allegations in paragraph 40.

**41. Defendants Piwnicki and Smith's actions and omissions were intentional, malicious, willful, and exhibited a conscious disregard or reckless indifference to Plaintiff's rights. The award of punitive damages against Piwnicki and Smith is necessary to punish them for their misconduct and to deter similar misconduct.**

ANSWER: Defendant Police Officers deny the allegations in paragraph 41.

**CLAIM IV: ILLINOIS FALSE ARREST AND IMPRISONMENT**
**(Against Defendants Piwnicki, Smith and the City of Chicago)**

**42. Plaintiff realleges and incorporates herein paragraphs 1-41 above.**

ANSWER: Defendant Police Officers reassert their answers to paragraphs 1 through 41 as their answers to paragraph 42 as if fully set forth herein.

**43. Claim IV of this Complaint is an Illinois common law action for false arrest and imprisonment asserted against Defendants Piwnicki and Smith and their employer, the City of Chicago. This Court has jurisdiction of this claim under 28 U.S.C. § 1367.**

ANSWER: Defendant Police Officers admit Plaintiff purports to assert a claim against them under Illinois common law, but deny committing any acts which violated Plaintiff's rights. Defendant Police Officers further admit that the City of Chicago is their employer. Defendant Police Officers admit this Court has jurisdiction of this claim. Defendant Police Officers deny the remaining allegations in paragraph 43.

**44. The actions and omissions by the Individual Defendants described above were undertaken within the scope of their employment as police officers of the City of Chicago.**

ANSWER: Defendant Police Officers deny the allegations in paragraph 44.

**45. The Individual Defendants' seizure and arrest of the Plaintiff without a warrant and without probable cause were intentional, willful, wanton, and unreasonable; they denied Plaintiff his personal liberty against Plaintiff's will; and they constitute the tort of false arrest and imprisonment under Illinois law. Further, these actions directly and proximately caused Plaintiff's injuries as set forth more fully above.**

ANSWER: Defendant Police Officers deny the allegations in paragraph 45.

**ANSWER TO CLAIM V: ILLINOIS BATTERY**
**(Against Defendants Piwnicki, Smith, and the City of Chicago)**

**46. Plaintiff re-alleges and incorporates herein paragraphs 1 through 45 above.**

ANSWER: Defendant Police Officers reassert their answers to paragraphs 1 through 45 as their answers to paragraph 46 as if fully set forth herein.

**47. Plaintiff asserts Claim V of this complaint, arising under Illinois common law, against Defendants Piwnicki and Smith and their employer, the City of Chicago.**

ANSWER: Defendant Police Officers admit Plaintiff purports to assert a claim against them under Illinois common law, but deny committing any acts which violated Plaintiff's rights. Defendant Police Officers further admit that the City of Chicago is their employer. Defendant Police Officers deny the remaining allegations in paragraph 47.

**48. The actions committed by Defendants Piwnicki and Smith were undertaken within the scope of their employment as police officers of the City of Chicago.**

ANSWER: Defendant Police Officers admit that, at all times relevant to this Complaint, they were acting within the scope of their employment as police officers of the City of Chicago. Defendant Police Officers deny the remaining allegations in paragraph 48.

**49. Defendant Piwnicki and Smith's actions and omissions, as set forth above, were intentional, willful, wanton, malicious, and without probable cause, provocation, or legal justification, and/or with such reckless disregard for their natural consequences as to constitute the tort of battery under Illinois law.**

ANSWER: Defendant Police Officers deny the allegations in paragraph 49.

**50. Defendants Piwnicki and Smith subjected Plaintiff to contact of an insulting and provoking nature and caused Plaintiff bodily harm, directly and proximately causing Plaintiff's injuries, as set forth above.**

ANSWER: Defendant Police Officers deny the allegations in paragraph 50.

## ANSWER TO CLAIM VI:
## ILLINOIS LOCAL GOVERNMENT TORT INDEMNITY ACT
(745 ILCS 10\9-102B-Against Defendant City of Chicago)

As this Claim is not against Defendant Police Officers, they make no answer to Claim VI.

## AFFIRMATIVE DEFENSES

1. As to all federal claims, at all times during the events alleged in Plaintiff's Complaint, a reasonable police officer, objectively viewing the facts and circumstances then

confronting Defendant Chicago Police Officers during the incident which allegedly provides the basis for the present case, could have reasonably believed that the actions taken by them were objectively reasonable and were within constitutional limits that were clearly established at the time. Defendant Chicago Police Officers are, therefore, entitled to qualified immunity.

2. As to all state law claims, under the Illinois Tort Immunity Act, Defendant Chicago Police Officers are not liable for any of the claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct. 745 ILCS 10/2-202 (1992).

3. As to all state law claims, under the Illinois Tort Immunity Act, Defendant Chicago Police Officers are not liable for any of the claims alleged because a public employee, as such and acting within the scope of his or her employment, is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (1992).

4. As to all state law counts, under the Illinois Tort Immunity Act, Defendant Chicago Police Officers are not liable for any of the claims alleged because the decision to arrest and process Plaintiff, based upon the information and circumstances known to Defendant Chicago Police Officers at the time, was a discretionary decision for which they are immune from liability. 745 ILCS 10/2-201(1992).

5. Where Defendant Chicago Police Officers may be liable in damages, the total amount of damages to which Plaintiffs would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the willful and wanton and intentional conduct of Plaintiffs' which were the proximate cause of these injuries.

**12(b)(6) DEFENSE:**

Defendant Chicago Police Officers move to strike the claim for punitive damages in that

an award for punitive damages would deprive defendants of due process of law under the Fifth and Fourteenth Amendments of the United States Constitution where a) liability for punitive damages has not been proven beyond a reasonable doubt or clear and convincing evidence; b) the award for punitive damages is disproportionate to actual damages.

WHEREFORE, based upon the forgoing, Defendant Chicago Police Officers Raymond Piwnick and Robert Smith respectfully request that this Court grant judgment in their favor and against Plaintiff Nevles Traylor and, further, that this Court grant Defendants Raymond Piwnick and Robert Smith such fees, costs as allowed by law and such other relief as this Court deems appropriate and just.

**JURY DEMAND**

Defendant Chicago Police Officers Raymond Piwnick and Robert Smith respectfully demand a trial by jury of this cause.

Respectfully submitted,

LIZA M. FRANKLIN
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-0170
(312) 744-6566 (FAX)
ATTY. NO. 06216088

**CERTIFICATE OF SERVICE**

I hereby certify that I have caused true and correct copies of the above and foregoing **NOTICE OF FILING and DEFENDANTS PIWNICKI AND SMITH'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, 12(b)(6) DEFENSE AND JURY DEMAND** to be mailed to the persons named in the foregoing Notice at the address therein shown, on this 25th day of September, 2002.

LIZA M. FRANKLIN